**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| TRINETTE LARK, BRIA DIAZ and PRINCE FORD,<br> Plaintiffs,<br>v.<br>CITY OF EVANSTON, *et al.*,<br><br> Defendants. | No. 1:16-cv-04630<br><br>Honorable Judge Kendall |

### DEFENDANTS BERNHARDT, CARRASCO, AND ROSENBAUM'S ANSWERS & AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Officers Heidi Bernhardt ("Bernhardt"), Pedro Carrasco ("Carrasco"), and Daniel Rosenbaum ("Rosenbaum"), by and through their attorneys, City of Evanston Law Department, hereby provide the following Answers and Affirmative Defenses to Plaintiffs' Complaint (Dkt. 1).

### JURISDICTION AND VENUE

1. Jurisdiction over this matter arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum admit that jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. They admit that venue is proper under 28 U.S.C. § 1391(b). They admit that they reside in this judicial district. However, Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of Plaintiffs' respective residencies as alleged in Paragraph 1 and therefore deny these remaining allegations.**

## PARTIES

2. The Plaintiffs, Trinette Lark, Bria Diaz and Prince Ford are residents of the City of Evanston, County of Cook, State of Illinois.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore deny them.**

3. The Defendants, OFFICER DANIEL F. ROSENBAUM, OFFICER BERNHARDT, OFFICER JEREMY NIEMAN, DETECTIVE BRIAN HICKS, DETECTIVE DAVID CHERREY, OFFICER I. REZA, OFFICER CARRASCO, SERGEANT JASON KOHL, SERGEANT MARK DOBROWOLSKI and UNKNOWN EVANSTON POLICE OFFICERS ("Defendant Officers") were at the time of this occurrence Evanston Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities and as agents and employees of the City of Evanston.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum admit that they were Evanston Police Officers at the time of the occurrence at issue on April 26, 2015. They admit they were acting in their scope of employment and under color of law on April 26, 2015, but deny any wrongful conduct on their part. They admit that Plaintiffs sue them in their individual capacities and as agents and employees of the City of Evanston. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

4. Defendant, City of Evanston, is a municipality in the State of Illinois that operates the Evanston Police Department and at all times relevant was the employer of the Defendant Officers. The City of Evanston is sued pursuant to the doctrine of respondent superior.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum admit that Defendant City of Evanston is a municipality in Illinois that operates the Evanston Police Department and was their employer at all relevant times. They admit that Plaintiffs purportedly sue the City of Evanston pursuant to the doctrine of *respondeat superior*, but they deny any liability in this matter. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

## FACTS

5. On April 26, 2015 at approximately 8:00 p.m., Lark contacted the Evanston Police Department to assist in breaking up a verbal argument between her son, Cameron Diaz, and her fiancé, Clarence Cavines, which was occurring at a family barbecue at her home.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum admit the date identified in Paragraph 5. They lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore deny them.**

6. Plaintiffs Diaz and Ford are Lark's adult children. On April 26, 2015, Diaz resided with Lark in the first floor apartment of the home. Also residing with Lark and Diaz was the family's two year old german shepherd, Chance. Lark, Diaz and Ford received Chance when he was a puppy as a gift from the breeder. Chance was a friendly family dog who, upon information and belief, was bred by the same breeder from whom the Evanston Police Department purchases its police dogs. Although Ford did not reside with Chance on April 26, 2015, he had previously resided with Chance for over

one year and spent many days visiting with Chance, taking him for walks and otherwise caring for him.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore deny them.**

7. On April 26, 2015 and at all times relevant, in addition to the first floor apartment, Lark also rented the basement unit in the building. The basement unit had a front and back entrance completely separate from the first floor apartment. Both the front and back entrances to the basement unit locked and had the appearance of being a separate apartment in the building.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore deny them.**

8. On April 26, 2015 at approximately 8:00 p.m. and at all times relevant to this Complaint, Chance was in the basement unit wearing a collar and leash which was attached to a pole in the basement. Chance had been placed in the basement for only a short time because he had just received a bath and was eating his dinner and drying off.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore deny them.**

9. On April 26, 2015, before Defendant Officers arrived at the home of Lark and Diaz, Clarence Cavines had left the premises and the argument was completely resolved.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 9. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the**

allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.

10. On April 26, 2015, when Defendant Officers arrived at Lark and Diaz's home, Lark, Diaz and Ford informed Defendant Officers that the argument was resolved and asked them to leave the premises. During the interview with two of the Defendant Officers, Plaintiffs informed officers that their family dog was in the basement.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 10. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

11. On April 26, 2015, despite Plaintiffs' requests that Defendant Officers leave the scene, Defendant Officers continued to interrogate them about the whereabouts of Clarence Cavines and refused to leave.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 11. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

12. On April 26, 2015, while speaking with two Defendant Officers in the kitchen, Plaintiffs heard a loud yelp and some banging from the basement unit. Plaintiffs later learned the banging was actually gun shots.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore deny them.**

13. Unbeknownst to Plaintiffs, while they were in the kitchen being interviewed by two Defendant Officers, other Defendant Officers, namely Detective Cherrey and Detective Hicks and other Unknown Officers, without verbal or written consent to search the premises, proceeded down the exterior stairs to the basement unit. Detective Cherrey, with his gun drawn, then opened the door to the basement where Chance was present and leashed to a pole.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 13.**

14. Detective Cherrey then discharged his firearm five times, wounding and eventually killing Chance.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny them.**

15. Upon hearing the loud reports, the Defendant Officers interviewing Lark, Diaz and Ford in the kitchen immediately forced Plaintiffs and all others present outside to the front porch of the building and detained them there.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 15. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

16. Plaintiffs, while on the porch, heard Chance yelping and whining while they were forced to remain on the front porch by Defendant Officers for over an hour. Plaintiffs were crying and visibly upset, yet Defendant Officers showed no sympathy, refused to tell them what had happened to Chance and refused to allow them go to the aid of Chance.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 16.**

17. None of the Defendant Officers on the scene attempted to assist Chance or drive him to an animal hospital for care while he still could have been saved, resulting in Chance's death. Defendant Officers also refused to allow Plaintiffs to transport Chance to a hospital. Defendant Officers also detained Plaintiffs, refusing to allow them to leave their front porch while at the same time forcing them to listen to Chance, a beloved family member, weep, whine and yelp alone in the basement for over an hour.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Paragraph 17. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

18. After over an hour of being detained on the porch, an unknown Evanston Police Department supervisor spoke with Plaintiffs and informed them that Chance had been shot by police and eventually allowed Ford to proceed to the basement.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.**

19. Prior to being shot by Detective Cherrey, no one present on the scene heard the family dog Chance bark or growl at all while Defendant Officers were at Lark's residence.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny them.**

20. Prior to being shot by Detective Cherrey, the family dog Chance had never been aggressive toward people, had never bitten anyone, and hand never endangered or inflicted injury on a human being.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny them.**

21. Prior to being shot by Detective Cherrey, there had never been any complaints about the family dog Chance to any government body.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny them.**

22. At material times the Defendant Officers were acting under color of law and in their official capacities as Evanston Police Officers.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum admit that they were acting under color of law and in their official capacities as Evanston Police Officers at all material times alleged in the Complaint, but deny any wrongful conduct. Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations directed at other named Defendant Officers since said allegations are not directed to Officers Bernhardt, Carrasco, and Rosenbaum.**

## COUNT I - 42 U.S.C. § 1983
## FOURTH AMENDMENT - UNLAWFUL SEARCH & SEIZURE

23. Paragraphs 1 - 19 are hereby incorporated as Paragraph 20 (sic.) of Count I as though fully set forth herein.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum hereby incorporate their answers to Paragraphs 1-19 as their answers to Paragraph 23 of Count I.**

24. The search of Plaintiff's home, including entry into the basement, and the seizure of Chance violated Plaintiffs' Fourth Amendment rights to be free of unlawful search and seizures.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count I Paragraph 24.**

25. The misconduct described in this Count was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count I Paragraph 25.**

26. As a result of Defendant Officers' illegal search and seizure, Plaintiffs suffered injury including emotional anguish, pain, suffering and the loss of their family dog, Chance.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count I Paragraph 26.**

## COUNT II - 42 U.S.C. § 1983
## FOURTH AMENDMENT - FAILURE TO INTERVENE

27. Plaintiff re-alleges and reincorporates all previous paragraph as though fully set forth herein.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum hereby incorporate their answers to all previous paragraphs as their answers to Paragraph 27 of Count II.**

28. As described in the preceding paragraphs, during the unlawful conduct of one or more of the Defendant Officers, one or more of the other Defendant Officers failed to intervene to prevent the misconduct alleged in this Complaint.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count II Paragraph 28.**

29. As a result of Defendant Officers' failure to intervene, Plaintiffs suffered injuries including emotional anguish, embarrassment, suffering and the loss of their family dog Chance.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count II Paragraph 29.**

## COUNT III - STATE LAW CLAIM
## FALSE IMPRISONMENT

30. Plaintiff re-alleges and reincorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum hereby incorporate their answers to all previous paragraphs as their answers to Paragraph 30 of Count III.**

31. At all material times, Defendant Officers unlawfully detained Plaintiffs after having been repeatedly informed that the argument was resolved and being asked to leave the premises.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count III Paragraph 31.**

32. At all material times, Plaintiffs' freedom of movement was unlawfully restricted by Defendants.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count III Paragraph 32.**

33. At all material times, Plaintiffs were forced to remain on their front porch in the cold and in front of all of their neighbors when they had done nothing wrong.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count III Paragraph 33.**

34. The Defendants committed all acts alleged with deliberate indifference to and disregard for the constitutional rights of Plaintiffs.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count III Paragraph 34.**

35. As a direct and proximate cause of Defendants' wrongful acts, the Plaintiffs suffered emotional distress, public embarrassment, pecuniary loss and the loss of their family dog Chance.

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum deny the allegations contained in Count III Paragraph 35.**

## COUNT IV - STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations contained in paragraphs 36 through 39 of this Count IV since they are directed against Defendant Cherrey and not them. *See* Dkt. 31. To the extent that any allegations contained in Paragraphs 36 through 39 of this count are directed against Officers Bernhardt, Carrasco, and Rosenbaum, they deny these allegations and demand strict proof thereof.**

## COUNT V - STATE LAW CLAIM
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations contained in Paragraphs 40 through 45 of this Count V since Plaintiffs voluntarily withdrew this claim and the Court recognized the same in its Order dated January 31, 2017 (Dkt. 31).**

## COUNT VI - STATE LAW CLAIM
## TRESPASS TO REAL AND PERSONAL PROPERTY - CONVERSION

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations contained in Paragraphs 46 through 53 of this Count VI since this Count was dismissed by the Court against all defendants in its Order dated January 31, 2017 (Dkt. 31).**

## COUNT VII - STATE LAW CLAIM
### INDEMNIFICATION - 745 ILCS 10/9-102

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations contained in Paragraphs 54 through 56 of this Count VII since they are directed against Defendant City of Evanston and not them.** *See* **Dkt. 31.**

## COUNT VIII - STATE LAW CLAIM
### RESPONDEAT SUPERIOR

**ANSWER: Officers Bernhardt, Carrasco, and Rosenbaum make no answer to the allegations contained in Paragraphs 57 through 59 of this Count VIII since they are directed against Defendant City of Evanston and not them.** *See* **Dkt. 31.**

### AFFIRMATIVE DEFENSES

For their affirmative defenses to the Complaint, Defendant Officers Bernhardt, Carrasco, and Rosenbaum state and allege as follows:

### First Affirmative Defense
### Failure to Mitigate Damages

To the extent that Plaintiffs failed to reasonably mitigate their damages, Plaintiffs are precluded from damages or their damages should be reduced.

### Second Affirmative Defense
### No Punitive Damages

Plaintiffs cannot recover punitive damages for any of their claims.

### Third Affirmative Defense
### Qualified Immunity

Defendant Officers Bernhardt, Carrasco, and Rosenbaum are entitled to qualified immunity defeating Plaintiffs' claims. Under the totality of the circumstances, reasonably competent police officers would not conclude that Defendant Officers Bernhardt, Carrasco, and Rosenbaum lacked probable cause to engage in any alleged search, any alleged seizure, and/or any alleged detainment of Plaintiffs and Plaintiffs' alleged property. Furthermore, under the totality of the circumstances,

reasonably competent police officers would not have concluded that the actions of Defendant Officers Bernhardt, Carrasco, and Rosenbaum violated Plaintiffs' constitutional rights and, therefore, these Defendants are entitled to qualified immunity.

**Fourth Affirmative Defense**
**745 ILCS 10/2-202**

Defendant Officers Bernhardt, Carrasco, and Rosenbaum were acting in the execution or enforcement of laws within the meaning of Section 2-202 of the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") (745 ILCS 10/2-202), and they are entitled to immunity therein unless Plaintiffs establish that Defendants engaged in willful and wanton misconduct with respect to Plaintiffs.

**Fifth Affirmative Defense**
**745 ILCS 10/2-201**

At all relevant times, Defendant Officers Bernhardt, Carrasco, and Rosenbaum were exercising discretion in their acts and the determination of policy within the meaning of Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201), and they are entitled to absolute immunity in connection with Plaintiffs' claims.

**Sixth Affirmative Defense**
**745 ILCS 10/2-204**

At all relevant times, Defendant Officers Bernhardt, Carrasco, and Rosenbaum were acting in the scope of their employment as police officers and as such are not liable for any injury caused by the act or omission of another person pursuant to Section 2-204 of the Tort Immunity Act (745 ILCS 10/2-204).

## JURY DEMAND

Defendant Officers Bernhardt, Carrasco, and Rosenbaum demand a trial by jury for all claims for which they are so entitled by law.

Dated: March 15, 2017

Respectfully submitted,
**DEFENDANTS**
**Ofc. Heidi Bernhardt**
**Ofc. Pedro Carrasco**
**Ofc. Daniel Rosenbaum**

By: ____*/s/ Henry J. Ford, Jr.*____
One of their attorneys

W. Grant Farrar, Corporation Counsel (gfarrar@cityofevanston.org)
Henry J. Ford, Jr., Assistant City Attorney (hford@cityofevanston.org)
Alexandra B. MacKey, Assistant City Attorney (amackey@cityofevanston.org)
City of Evanston Law Department
2100 Ridge Ave. #4400
Evanston, IL 60201
(847) 866-2937

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that that on March 15, 2017, the foregoing Pleading was served on all parties or their counsel of record through the CM/ECF system.

____/s/ Henry J. Ford, Jr.____
Henry J. Ford, Jr.